NO. 07-04-0313-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MARCH 16, 2005


______________________________



SHERYL D. ATWOOD,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;



NO. 2002-478,973; HON. DRUE FARMER, PRESIDING


_______________________________



ABATEMENT AND REMAND


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.


 Appellant Sheryl D. Atwood appeals from a judgment convicting her of driving while
intoxicated. Appellant's brief is due in this cause. Two extensions of time to file the brief
were granted, and a third extension of the applicable deadline was sought by appellant's
counsel. Counsel represented that due to his workload and the reporter's record being
misplaced, he was devoting "the remainder of this week . . . to preparation of the brief,
which will be completed by Friday, March 11, 2005." To date, no brief has been filed on
behalf of appellant.

 Accordingly, we now abate this appeal and remand the cause to the County Court
at Law No. 2 of Lubbock County (trial court) for further proceedings. Upon remand, the trial
court shall immediately cause notice of a hearing to be given and, thereafter, conduct a
hearing to determine the following: 

 1. whether appellant desires to prosecute the appeal;

 2. whether appellant has been denied the effective assistance of counsel
due to appellate counsel's failure to timely file an appellate brief. See Evitts
v. Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.2d 821, 828
(1985) (holding that an indigent defendant is entitled to the effective
assistance of counsel on the first appeal as of right and that counsel must be
available to assist in preparing and submitting an appellate brief). 


We further direct the trial court to issue findings of fact and conclusions of law addressing
the foregoing subjects. Should the trial court find that appellant desires to pursue this
appeal, is indigent, has appointed counsel, and has been denied effective assistance of
counsel, or has no counsel, then we further direct it to appoint new counsel to assist in the
prosecution of the appeal. The name, address, phone number, telefax number, and state
bar number of the new counsel, if any, who will represent appellant on appeal must also
be included in the court's findings of fact and conclusions of law. Furthermore, the trial
court shall also cause to be developed 1) a supplemental clerk's record containing the
findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence
and argument presented at the aforementioned hearing. Additionally, the trial court shall
cause the supplemental clerk's record to be filed with the clerk of this court on or before
April 15, 2005. Should additional time be needed to perform these tasks, the trial court
may request same on or before April 15, 2005.

 It is so ordered.

 Per Curiam

Do not publish.



tion. Oldham v. State, 977
S.W.2d at 355-57. The Court of Criminal Appeals, in reversing the decision of the court
of appeals, stated that 

 In essence, the Court of Appeals used Rule 2(b) to extend the time limit for
the filing of the appellant's motion for a new trial some two years and eight
months, this being the time from the appellant's sentencing to the date of the
Court of Appeals' decision. . . . We believe the Court of Appeals was in error
to rely on Rule 2(b) as a mechanism to extend the time limits for the filing of
a motion for a new trial imposed by Rule 31(a)(1). . . . Rule 2(b) is in
essence an escape valve to be used by an appellate court when a case
becomes unduly stalled or delayed in the appellate process due to
procedural rules, and the interests of justice compel speeding up the
process; although Rule 2(b) may be used to shorten the time limits when
justice so requires, it should not be used as a method to lengthen procedural
time limits absent truly extraordinary circumstances, even in an effort to
protect the substantive rights of litigants. Oldham v. State, 977 S.W.2d at
356, 360.


 In State v. Riewe, No. 699-99 (Tex.Crim.App. Mar. 8, 2000), the court reiterated its
statements in Oldham to the effect that Rule 2 is not to be used to enlarge timeframes
established by the appellate rules for appeals: "[Rule 2] was not intended to be used to
lengthen procedural time limits, even in an effort to protect the substantive rights of
litigants."

ANALYSIS

 Granting appellant's motion would expand the time limits established by the TRAP
for appellant's appeals process. As Rule 2 has been interpreted in Oldham and Riewe,
we cannot suspend the operation of Rule 21.8 and extend the time for the trial court to rule
on appellant's amended motion for new trial under the circumstances presented by
appellant. Thus, assuming appellant, the State, and the trial judge agreed on the proposal
as described in appellant's motion, we still must, and therefore do, deny appellant's
motion. 

 Per Curiam


Do not publish.

1. Further references to the rules of appellate procedure will be by reference to "Rule"
or "TRAP."